IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Glenn Easterling, ) | |
| ) | CIVIL ACTION NO. 9:10-1433-RMG-BM |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Sgt. Rosemary Sanders, Hill Finkly ) | |
| Detention Center and NFN Inv. Jacumen, ) | |
| ) | |
| Defendants. ) | |
| _____) | |



This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, who at the time this lawsuit was filed was an inmate at the Berkeley County Detention Center, alleges violations of his constitutional rights by the named Defendants.

The Defendants filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on December 14, 2010. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on December 21, 2010, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case. However, notwithstanding the specific warning and instructions as set forth in the Court's Roseboro order, Plaintiff has failed to file any opposition to the Defendant's motion, which

is now before the Court for disposition.[1]

**<u>Discussion</u>**

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with specific facts showing there is a genuine issue for trial. Rule 56(c), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a <u>pro se</u> litigant to allow the development of a potentially meritorious case, see <u>Cruz v. Beto</u>, 405 U.S. 319 (1972); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. <u>Weller v. Dep't of Social Services</u>, 901 F.2d 387 (4th Cir. 1990). Here, after careful review and consideration of the arguments and evidence presented, the undersigned finds and concludes that the Defendants are entitled to summary judgment in this case.

Defendants argue in their motion, <u>inter alia</u>, that this lawsuit should be dismissed for failure of the Plaintiff to exhaust his administrative remedies prior to filing this lawsuit. Pursuant to 42 U.S.C. § 1997(e)(a), prisoners are required to exhaust their administrative remedies prior to filing

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion for summary judgment. As this is a dispositive motion this Report and Recommendation is entered for review by the Court.



civil lawsuits. See Booth v. Churner, 532 U.S. 731 (2001); Jones v. Bock, 549 U.S. 199, 211 (2007)["Exhaustion is mandatory under the PLRA [Prison Litigation Reform Act] and . . . unexhausted claims cannot be brought in Court"]; see also Porter v . Nussle, 534 U.S. 516, 524 (2002)[exhaustion required for all actions brought with respect to prison conditions]. Hence, before Plaintiff could bring this lawsuit, he was required to first exhaust available administrative remedies at the Detention Center.

The Defendants have the burden of showing that Plaintiff failed to exhaust his administrative remedies. See Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 683 (4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant]; Jones v. Bock, supra. To meet this burden, counsel for the Defendants has submitted an affidavit wherein he attests that Plaintiff was served with Requests to Admit on November 4, 2010, received by the Plaintiff on November 5, 2010, and that Plaintiff failed to respond to the Defendants' Requests to Admit. See Ragsdale Affidavit, with attached Exhibits B and C. Request No. 17 asked Plaintiff to admit "[t]hat an official grievance policy exists at the . . . . Detention Center", while Request No. 16 asked Plaintiff to admit "[t]hat you did not file a grievance regarding any of the allegations in your Complaint." See Defendants' Exhibit A. As Plaintiff did not respond to these Requests to Admit, these Requests are deemed admitted. See Rule 36(a)(3), Fed.R.Civ.P.; see also Charleston Bank Consortium v. National Union Fire Ins. Co., No 07-3856, 2009 WL 4157603 at * 5 (D.S.C. Nov. 23, 2009). It is further noted that, although Plaintiff initially asserted in his Complaint that there was not a grievance procedure at the Detention Center (a fact which he has now admitted), Plaintiff concedes in his Verified Complaint that he did not file a grievance concerning the claims he is raising in this lawsuit. See Plaintiff's Verified Complaint,



Section II, ¶ C(2).  See also, Jones v. Smith, 266 F.3d 399 (6th Cir. 2001) [exhaustion required even though plaintiff claimed futility]; Cf. Harvey v. City of Philadelphia, 253 F.Supp.2d at 827, 829 (E.D.Pa. 2003)[Summary judgment granted where Plaintiff claimed to have exhausted administrative remedies, but did not present any evidence to challenge defendants' evidence that he did not pursue his administrative remedies].

Finally, as noted, Plaintiff has failed to even file any opposition to, or present any evidence to contest, Defendants' argument that this case should be dismissed for failure to exhaust administrative remedies.  Therefore, the undersigned finds that the Defendants have met their burden of showing a failure to exhaust in this case, and they are entitled to summary judgment.  Hyde v. South Carolina Dep't of Mental Health, 442 S.E.2d 582, 583 (1994) ["Where an adequate administrative remedy is available to determine a question of fact, one must purse the administrative remedy or be precluded from seeking relief in the courts"]; Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000)["It is beyond the power of this court-or any other to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis."](quoting Beeson v. Fishkill Corr. Facility, 28 F.Supp. 2d 884, 894-895 (S.D.N.Y. 1998)); Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005) [Prisoner may not file a lawsuit before exhausting his administrative remedies].

**Conclusion**

Based on the foregoing, it is recommended that the Defendants' motion be **granted,** and that this case be **dismissed**, without prejudice, for failure of the Plaintiff to exhaust his administrative remedies prior to filing this lawsuit.



The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

February 4, 2011
Charleston, South Carolina



### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29401

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

