IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Glenn Easterling,         )<br>    Plaintiff,         )<br>         )<br>vs.         )<br>         )<br>Sgt. Rosemary Sanders, Hill Finkly Detention )<br>Center and NFV Inv. Jacumen         )<br>         )<br>    Defendants.         )<br>_____)  | C/A No. 9:10-1433-RMG-BM<br><br>**ORDER** |

This is a *pro se* action filed by Michael Glenn Easterling ("Plaintiff") pursuant to 28 U.S.C § 1983. As a result, this case was automatically referred to the United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C. Plaintiff files this action *in forma pauperis* and thus the action is subject to review pursuant to 28 U.S.C §1915 (e)(2)(B). The defendants filed a motion for summary judgment and the plaintiff was advised of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. The plaintiff was specifically advised of the possibility of dismissal should he fail to respond. Despite such notice, the plaintiff failed to file any objections to the defendant's motion. The Magistrate Judge issued a Report and Recommendation recommending this Court grant defendants' motion for summary judgment. Plaintiff was also advised of the importance of objections to the Report and Recommendation and the serious consequences if he failed to do so. Plaintiff has failed to object to the Report and Recommendation. As explained herein, this Court agrees with the Report and Recommendation and grants Defendants' motion for summary judgment.

## LAW/ANALYSIS

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

This Court has reviewed this matter for clear errors of law. Having found none, this Court agrees with the Magistrate Judge's conclusions. To grant a motion for summary judgment, this Court must find that "there is no genuine issue as to any material fact." Fed.R.Civ.P. 56(c). While the Federal Court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, *see Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4thCir. 1990) Based upon a thorough review of the Record, this Court agrees with the Magistrate Judge and finds that Defendants are entitled to summary judgment.

This action should be dismissed pursuant to 42 U.S.C. § 1997(e)(a) which requires a prisoner to exhaust his administrative remedies prior to filing a civil lawsuit. *See Booth v. Churner*, 532 U.S. 731 (2001); *Jones v. Bock*, 549 U.S. 199, 211 (2007) ("Exhaustion is mandatory under the PLRA [Prison Litigation Reform Act] and . . .unexhausted claims cannot be brought in Court"); *see also Porter v. Nussle*, 534 U.S. 516, 524 (2002) (exhaustion is required for all actions regarding prison conditions). Accordingly, before Plaintiff may proceed on his claims in this Court, he must first exhaust the administrative remedies that were available to him at prison. The Record demonstrates that Plaintiff did not properly pursue a grievance concerning the issues raised in this case prior to filing this lawsuit nor did he object to Defendants' argument that this action should be dismissed. As a result, the Defendants are entitled to summary judgment on Plaintiff's claims. *Hyde v. South Carolina Dep't of Mental Health*, 442 S.E.2d 582, 583 (1994) (stating that "[w]here an adequate administrative remedy is available to determine a question of fact, one must pursue the administrative remedy or be precluded from seeking relief in the courts").

## CONCLUSION

Upon a review of the Record, Magistrate Judge's Report and Recommendation, and the relevant case law, this Court adopts the Magistrate Judge's Report and Recommendation. The defendants' motion for summary judgment is **granted** and the case is **dismissed,** *without prejudice,* due to Plaintiff's failure to exhaust his administrative remedies prior to filing this lawsuit.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

February 25, 2011
Charleston, South Carolina

9:10-cv-01433-RMG     Date Filed 02/25/11     Entry Number 31     Page 4 of 4

February 25, 2011
Charleston, South Carolina

Page 4 of 4

February 25, 2011
Charleston, South Carolina